**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JIMMY MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) No. 1:11-cv-117-SEB-MJD |
| | ) |
| FINNAN, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Jimmy Morris seeks a writ of habeas corpus based on his claim that the prison disciplinary proceeding identified as No. ISR 10-09-0213 is tainted with constitutional error. In that proceeding, Morris was found guilty of prison rules by possessing an electronic device.

Upon being found guilty of the identified misconduct, Morris was sanctioned with 1) a written reprimand and 2) a 15-day credit time deprivation (suspended). The first of these sanctions was non-custodial and would not support the award of federal habeas corpus. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). As to the second sanction of a suspended deprivation of a period of credit time, applicable rules of the Indiana Department of Correction provide: "the length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." Morris was found guilty on October 6, 2010. As such, his suspended sanctions expired six months later, on April 6, 2011. Morris' suspended sanction was not enforced before April 6, 2011, meaning that the suspended sanction can never be enforced.

Morris seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Obviously, therefore, being "in custody" is a requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161 (1985).

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (per curiam). If an event occurs during appeal that eliminates the court's power to provide relief, the appeal is moot. *Dorel Juvenile Grp., Inc. v. DiMartinis,* 495 F.3d 500, 503 (7th Cir. 2007). That is precisely the situation here, with the "event" being the expiration of the 6-month period during which the suspended sanction could have been enforced without that having occurred. In *Cochran,* the Court of Appeals explained that in a situation where the suspended sanction has expired and was never invoked, the possibility of suffering an actual deprivation of credit time–and thereby lengthening the anticipated period of an

inmate's confinement–the "in custody" requirement of the federal habeas statute is no longer satisfied and the claim has become moot. 381 F.3d at 640-41. Similarly, Morris' suspended sanction has expired, was never invoked and his claim has become moot.

A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). The action is moot and thus must be dismissed for lack of jurisdiction. The respondent's motion to dismiss [9] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/11/2011

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana